**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| STATE OF VERMONT,<br><br>Plaintiff,<br><br>v.<br><br>MPHJ TECHNOLOGY INVESTMENTS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NO. 2:13-CV-00170 |

**DEFENDANT MPHJ TECHNOLOGY INVESTMENTS, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) WITH INCORPORATED MEMORANDUM OF LAW**

Defendant MPHJ Technologies, LLC ("MPHJ") hereby moves to dismiss the State of Vermont's ("the State" or "Vermont") Complaint pursuant to FED. R. CIV. P. 12 (b)(2).

The Court has before it the State's Motion to Remand (Doc. 9), and MPHJ will file its Opposition to that Motion shortly. However, as explained in the incorporated Memorandum of Law, this Motion to Dismiss is properly heard first, in accordance with the United States Supreme Court's decision in *Ruhrgas v. Marathon Oil Company*, 526 U.S. 574 (1999). Under *Ruhrgas*, this Court may consider the issue of personal jurisdiction first because the personal jurisdiction issue is straightforward, while the federal question jurisdiction issues surrounding the State's Motion to Remand are exceedingly complex.

In short, MPHJ has had insufficient contacts with the State of Vermont to subject it to personal jurisdiction here. In fact, other than letters sent by MPHJ's subsidiaries to potential infringers of its patents, there has been no contact with this forum. The Motion to Dismiss should be granted.

## MEMORANDUM OF LAW

## BACKGROUND

This action arises out of the sending of letters by subsidiaries of MPHJ to potentially infringing Vermont businesses regarding the licensing of patents owned by MPHJ: U.S. Patent Nos. 7,986,426, 7,477,410, 6,771,381 and 6,185,590 ("the Patents"). Compl., ¶¶1, 17, Exhs. A, B (first and third letters). As is set forth in the first letter, the subsidiary was an exclusive licensee of the Patents with authority to sublicense certain Vermont businesses. *Id.*, Exh. A.

The third letter emphasized:

> As stated in both the first and second letters you received, our client has no interest in seeking a license from someone who does not infringe. To reiterate this point one last time, if your company does not use a system covered by the patents, we urge you to contact us to confirm non-infringement so that we may discontinue our correspondence with you and avoid the unnecessary expense associated with a lawsuit. (Compl., Exh. B)

The State alleges that the letters violate the Vermont Consumer Protection Act, claiming, among other things, that they were sent without the required pre-suit investigation having been conducted. *See, e.g.*, ¶¶ 1 ("Defendant has engaged in unfair and deceptive acts by sending a series of letters to many small businesses and non-profit organizations in Vermont"), 35 (lack of "due diligence"), 53 (lack of review in accordance with "professional and ethical obligations"), 56(b)( insufficient "pre-suit investigation"), 56(d)(same), 56(e) (same).

The State's personal jurisdiction allegation in its Complaint is as follows: "This Court has personal jurisdiction over Defendant and is the proper venue for this action, based on the unfair and deceptive letters sent, or otherwise authorized, by Defendant throughout Vermont, including in Washington County." Compl., ¶ 9. The State also alleges that "[a]t all times relevant to this Complaint, Defendant MPHJ Technology did business in Vermont and solicited payments from Vermont consumers through its wholly owned subsidiaries." *Id.* ¶ 7.

MPHJ and its subsidiaries are Delaware entities. Compl., ¶¶ 2, 3; Declaration of J. Mac. Rust ("Rust Decl."), ¶ 4. MPHJ itself has never sent a letter (or engaged in any other activity) in Vermont. *Id*. at ¶ 12. And other than sending the letters, MPHJ's subsidiaries have had no other contact with Vermont. For example, MPHJ and its subsidiaries maintain no offices, facilities, or equipment in Vermont. *Id.* at ¶ 6. They have no agents or employees in Vermont. *Id*. at ¶ 7. They have no telephone listings, mailing addresses, or post office boxes in Vermont. *Id.* at ¶ 8. They do not own or rent any real property in Vermont, nor do they hold any mortgage, lien, or note on property in Vermont. *Id*. at ¶ 9. MPHJ and its subsidiaries maintain no bank accounts in Vermont. *Id.* at ¶ 10. They neither advertise nor conduct any business in Vermont. *Id*. at ¶¶ 10, 11. MPHJ and its subsidiaries have never had any inventory in Vermont, have never registered to do business in Vermont, nor have they ever had a registered agent for service of process in Vermont. *Id*. at ¶ 11.

## ARGUMENT

### I. This Court Should Rule on MPHJ's Motion to Dismiss Before Considering the State's Motion to Remand

In *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999), the United States Supreme Court made it clear that a federal district court may decide a personal jurisdiction matter before considering subject matter jurisdiction. In that case, the district court first considered the defendant's motion to dismiss for lack of personal jurisdiction, and subsequently dismissed the action for that reason. *Marathon Oil Co. v. Ruhrgas*, 115 F.3d 315, 317 (5th Cir. 1997). On appeal, the Fifth Circuit took a different view, and held that issues of subject matter jurisdiction take precedence over issues of personal jurisdiction. *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 214 (5th Cir. 1998). The United States Supreme Court reversed, unanimously holding that matters of personal jurisdiction can be determined prior to any inquiry into subject matter jurisdiction. *Ruhrgas,* 526 U.S. at 578 ("We hold that in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy"). The Court rejected the notion that "subject-matter jurisdiction is ever and always

the more 'fundamental'" jurisdictional inquiry and held that there is no required "sequencing of jurisdictional issues." *Id.* at 584.

The Court described the circumstances, which are plainly present here, under which a district court can first delve into the personal jurisdiction issue before turning to subject matter jurisdiction: "Where, as here, a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."[1] *Id.* at 587. The Supreme Court further explained that deciding personal jurisdiction first does not create tension among state and federal courts, nor does it present federalism concerns. This is because "federal and state courts are complementary systems for administrating justice in our Nation. Cooperation and comity, not competition and conflict, are essential to the federal design." *Id.* at 586. Thus, dismissing "on . . . non-merits grounds . . . before finding subject-matter jurisdiction, makes no assumption of law-declaring power that violates the separation of powers principles." *Id.* at 584-85 (citations omitted). Therefore, because it was clear that there was no personal jurisdiction over Ruhrgas,[2] and the subject matter jurisdiction inquiry presented novel and complex questions, the Supreme Court held that the personal jurisdiction inquiry could be decided first. *Id.* at 578.

The Second Circuit has, of course, followed *Ruhrgas. See, e.g., Carpenter v. Minister of Justice*, 487 Fed. Appx. 669 (2d Cir. N.Y. 2012) (affirming district court dismissal for lack of personal jurisdiction prior to determining subject matter jurisdiction pursuant to *Ruhrgas*, where the personal jurisdiction issues were "straightforward" because no activity took place in New

[1] Ruhrgas asserted that diversity existed because one plaintiff had been joined fraudulently. *Id.* at 579-80. The federal court's subject matter jurisdiction thus turned on the vexing question whether the joinder, in fact, was proper – thereby requiring a complicated analysis concerning subject matter jurisdiction. *See id.* at 581 n.5.

[2] There was no personal jurisdiction over Ruhrgas because attending three meetings in Texas, based off an agreement that would only be arbitrated out of the country, would not support Ruhrgas being hailed to court there. Further, Ruhrgas did not have continuous and systematic contacts sufficient to subject Ruhrgas to personal jurisdiction in Texas. *Id.* at 581 & n.4.

York and the subject matter jurisdiction issues were "complicated" as they concerned the federal common law of foreign sovereign immunity); *Ehrenfeld v. Mahfouz,* 2006 U.S. Dist. LEXIS 23423, *9, *12-14 (S.D.N.Y. Apr. 25, 2006) (applying *Ruhrgas* principle to dismiss action for lack of personal jurisdiction and noting that under the applicable long-arm statute, the fact that a defendant sent communications, including a document that could be characterized as a cease and desist letter, into the state does not support an exercise of jurisdiction); *see also Kaufman v. Kaye*, 466 F.3d 83, 88 (2d Cir. 2006) (affirming dismissal of complaint based on *Younger* abstention because *Ruhrgas* allows a court to dismiss on a non-merits ground before finding subject matter jurisdiction); *In re O'Brien*, 184 F.3d 140, 142 (2d Cir. 1999) (explaining it is permissible to choose to dismiss on one non-merits ground rather than another prior to resolving the case on the merits and quoting *Ruhrgas*: "'jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit . . . and authority over the parties . . . so that the court's decision will bind them'").

Here, the personal jurisdiction question is simple. On the other hand, the question of subject matter jurisdiction here is much more complex and raises novel questions that involve state consumer protection and federal patent law questions. This is because, in a case such as this, this Court is required to determine whether this action "arises under" federal law,[3] an area that has been described as the thorniest issue of law, in which even the "giants of the bench" have been unable to set forth a clean test:

> The most difficult single problem in determining whether federal question jurisdiction exists is deciding when the relation of federal law to a case is such that the action may be said to be one "arising under" that law.
>
> The meaning of this phrase has attracted the interest of [such] giants of the bench [as Marshall, Waite, Bradley, the first Harlan, Holmes, Cardozo, and Frankfurter], and has been the subject of voluminous scholarly writing. Even so it cannot be said that any clear test has yet been developed to determine which cases "arise under" federal law.

[3] *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807-09 (1988).

*Donmi of Milford, Inc. v. United States Dep't of Housing & Urban Dev*., 567 F. Supp. 182, 185 (D. Conn. 1983). Further, when federal patent law and state law issues are commingled, the subject matter jurisdiction analysis becomes even more vexing.[4] In fact, one court made this point vividly: "[t]he line between cases that 'arise under' patent . . . laws, as contemplated by 28 U.S.C. § 1338(a), and those that present only state law . . . issues, is 'a very subtle one,' and the question leads down '***one of the darkest corridors of the law of federal courts and federal jurisdiction***.'" *Arthur Young & Co. v. Richmond*, 895 F.2d 967, 969, n.2 (4th Cir. Va. 1990) (citation omitted; emphasis added).

Thus, this is a case, as the Supreme Court described in *Ruhrgas*, in which the district court should accord priority to the personal jurisdiction inquiry. Because the personal jurisdiction analysis here is "straightforward" and presents "no complex question of state law," while the Motion to Remand, in contrast, "raises a difficult and novel question," it is proper for this Court to decide the personal jurisdiction question prior to deciding the pending Motion to Remand and forthcoming opposition thereto. *Ruhrgas*, 526 U.S. at 588. And as explained below, this action should be dismissed on personal jurisdiction grounds.

## II. This District Court Lacks Personal Jurisdiction Over MPHJ

### A. Standard of Review

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp*., 84 F.3d 560, 566 (2d Cir. 1996); *Real Good Toys, Inc. v. X1 Mach., Ltd.*, 163 F.Supp.2d 421 (D. Vt. 2001). A plaintiff may survive a 12(b)(2) motion to dismiss only by pleading "legally sufficient

---

[4] Additionally, when a claims-versus-theories analysis must be undertaken, as must be taken here, in order to determine federal question jurisdiction, further confusion is added. This is because the Supreme Court in *Christianson* "provided little if any guidance for distinguishing claims from theories." *See generally* John B. Oakley, Federal Jurisdiction and the Problem of the Litigative Unit: When Does What "Arise" Under Federal Law?, 76 Tex. L. Rev. 1829, 1853-61 (1998).

allegations of jurisdiction." *Id*. Absent a pleading sufficient to establish at least a prima facie case of personal jurisdiction, the case must be dismissed for lack of jurisdiction.[5] *Porina v. Marward Shipping Co*., 521 F.3d 122, 126 (2d Cir. 2008).

"A *prima facie* showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (internal citations and quotations omitted). "[C]onclusory non-fact-specific jurisdictional allegations" do not meet this burden. *Jazini*, 148 F.3d at 185. Rather, a plaintiff must plead facts supporting that personal jurisdiction is proper under both Vermont's long-arm statute and the Due Process Clause of the Fifth and Fourteenth Amendments. *See Metro. Life Ins. Co*., 84 F.3d at 567-68.

### B. The State's Complaint Fails to Make a *Prima Facie* Showing of Personal Jurisdiction Over MPHJ

It is clear that the State's Complaint should be dismissed because it fails to plead any set of facts that would establish even a *prima facie* case that this Court has personal jurisdiction over MPHJ. The starting point in an analysis of a federal court's personal jurisdiction is the forum state's long-arm statute. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found*., 297 F.3d 1343, 1349 (Fed. Cir. 2002). Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359-60 (Fed. Cir. 2001). It is undisputed that the Vermont long-arm statute extends to the limits of due process, and therefore, the sole question here is whether the exercise of personal jurisdiction, either general or specific, over

---

[5] Indeed, the failure to plead even a *prima facie* case of personal jurisdiction also generally precludes seeking any jurisdictional discovery to try to bootstrap from the insufficiently pled jurisdictional case. *Jazini by Jazini v. Nissan Motor Co*., 148 F.3d 181, 186 (2d Cir. N.Y. 1998); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. N.Y. 2007).

MPHJ would comport with federal due process law. *See* 12 V.S.A. § 913(b); *Northern Aircraft, Inc. v. Reed*, 154 Vt. 36, 40 (1990).

Personal jurisdiction can either be "general" or "specific." *O'Neill v. Asat Trust Reg. (In re Terrorist Attacks on September 11, 2001 (Asat Trust Reg.))*, 714 F.3d 659, 673-74 (2d Cir. N.Y. 2013). Neither is sufficiently plead by the State here.

**1. This Court Lacks General Personal Jurisdiction Over MPHJ**

General jurisdiction plainly does not apply here. It arises when the foreign defendant's minimum contacts are so "'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "General jurisdiction is based on a defendant's general business contacts with the forum state, and allows a court to hear a case whose subject matter is unrelated to those general business contacts." *Kenney v. AMT Capital Partners, LLC*, 2008 U.S. Dist. LEXIS 69867, at *9 (D. Vt. Sept. 12, 2008).

Here, simply put, the State has failed to provide legally sufficient allegations to support a finding of general jurisdiction. Neither MPHJ, nor its subsidiaries, have any contacts with Vermont, and certainly no purposeful minimum contacts.[6]

The State alleges only that "Defendant MPHJ Technology did business in Vermont and solicited payments from Vermont consumers through its wholly owned subsidiaries." Compl., ¶ 7. But the entirety of the State's Complaint rests on the sending of three patent licensing inquiry letters by MPHJ's subsidiaries to Vermont businesses. *Id.* at ¶ 1. Neither MPHJ nor its

[6] As noted above, MPHJ and its subsidiaries do not maintain any offices, facilities, or equipment in Vermont. Rust Decl. ¶ 6. MPHJ and its subsidiaries have no agents or employees in Vermont. *Id*. at ¶ 7. Further, MPHJ and its subsidiaries have no telephone listing, mailing address, or post office box in Vermont. *Id.* at ¶ 8. MPHJ and its subsidiaries do not own or rent any real property in Vermont, nor do they hold any mortgage, lien, or note on property in Vermont. *Id*. at ¶ 9. MPHJ and its subsidiaries do not maintain any bank accounts, nor do they advertise in Vermont, nor conduct any business in Vermont. *Id*. at ¶ 10. MPHJ and its subsidiaries have never had any inventory in Vermont, have never registered to do business, nor have they ever had a registered agent for service of process in Vermont. *Id*. at ¶ 11. It is undisputed that MPHJ and its subsidiaries are organized under the laws of Delaware. *Id* at ¶ 4; Compl., ¶¶ 2-3.

subsidiaries have ever received license payments from any Vermont consumers, and even if they had, such activity is not considered "conducting business" in Vermont that would subject MPHJ to general personal jurisdiction here. *See Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); Rust Decl., ¶ 13. The *Hildebrand* Court held that a defendant may not be subject to personal jurisdiction – general or specific – if its only activities in the forum state involve attempts to license a patent there. *Hildebrand*, 279 F.3d at 1354-55.

The plaintiff in *Hildebrand*, like the State here, sued a patentee, alleging, *inter alia*, a state tort claim based upon the sending of multiple patent licensing inquiry letters, including offers to license the patents. *Id.* The judge held that a patentee's infringement warning letters coupled with offers to negotiate licenses did not constitute "transacting business" for personal jurisdiction purposes. *Id.* at 1355. At best, the letters could only rise to the level of soliciting business, activity which is insufficient to confer personal jurisdiction. *Id.* at 1354-55 ("To be doing business, negotiations must ultimately lead to a 'substantial connection' with the forum, creating an affirmative obligation there."). Here, neither MPHJ nor its subsidiaries entered into any sort of relationship with any Vermont business – including any licensing contracts. Thus, any activity by MPHJ's subsidiaries, at best, could only be considered the solicitation of business – activity which is held to be insufficient to confer general or specific personal jurisdiction over a patentee for sending patent licensing inquiry letters. *Id.* at 1355.

### 2. This Court Lacks Specific Personal Jurisdiction Over MPHJ Because the Sending of Patent Licensing Inquiry Letters, Without More, Does Not Confer Personal Jurisdiction of Any Type

The State's Complaint is based on the sending of a series of letters to potential patent infringers. *See* Compl., ¶ 1; Doc. 9-1, p. 1. The Federal Circuit has made clear, as more fully discussed *infra*, that even the sending of "cease-and-desist letters [including attempts to license a patent] alone do not suffice to justify personal jurisdiction," much less the license offers and Rule 11 inquiries sent here by MPHJ. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). The Second Circuit agrees. *See, e.g., Marlin Firearms*

*Co. v. Wild West Guns, LLC*, 2010 U.S. Dist. LEXIS 145501, at *26 (D. Conn. May 7, 2010) (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1333 (Fed. Cir. 2008) ("holding that letters threatening suit for patent infringement sent to the alleged infringer do not by themselves suffice to create personal jurisdiction")).

In *Avocent Huntsville Corp.*, 552 F.3d 1324, the Federal Circuit explained why a patent owner is not subject to personal jurisdiction in a forum if its only activity was informing residents of that forum of its patent rights. There, the plaintiff (an alleged infringer) filed suit against the patentee in Alabama, seeking a declaration of non-infringement, invalidity, and affirmative claims of unfair competition, and state law intentional interference with business relations. *Id.* at 1328. The patentee moved to dismiss for lack of personal jurisdiction because its only activity with Alabama was the sending of letters asserting infringement. *Id.*

The district court dismissed the claims for lack of personal jurisdiction. In affirming, the Federal Circuit explained that in the ordinary patent infringement suit, the claim asserted by the patentee is that some act of making, using, offering or selling products and services by the defendant infringes the patentee's presumptively valid patent. *Id.* at 1332. Thus, for purposes of specific jurisdiction, the inquiry is easily discerned due to the extent of the commercialization of the accused products by the defendant in the forum. *Id.* But, where a patentee is a defendant to the action, the nature of the claim is "to clear the air of infringement charges," which does not arise out of or relate to the sale or use of infringing products, but instead arises out of the patentee's enforcement of its patent. *Id.* Therefore, when a patentee is a defendant to the suit, the analysis turns on whether the patentee has had any other contact with the forum beyond sending infringement letters. *Id.* at 1333.

It is well settled that a district court may exercise specific personal jurisdiction over a defendant only where: (1) the defendant purposefully directed its activities toward the residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Inamed Corp.*, 249 F.3d at 1360. "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third

factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Id.* at 1359 (citation omitted). With respect to a threat of infringement communicated in an infringement letter, the Federal Circuit has acknowledged that the letters are purposefully directed at the forum and the action arises out of the letters. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003) (citations omitted). However, the sending of these letters, by themselves, does not suffice to create personal jurisdiction because of the third factor. That is, to exercise jurisdiction in such a situation would not comport with fair play and substantial justice, and, thus, would not be "reasonable and fair." *Id.*

In sum, where a claim "arises out of or relates to the activities of the defendant patentee in enforcing the patent," the sending of letters threatening suit for patent infringement cannot support a finding of personal jurisdiction. *See Avocent Huntsville Corp.*, 552 F.3d at 1332. For the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be *other activities* directed at the forum and related to the cause of action besides the letters threatening an infringement suit. *Silent Drive, Inc.*, 326 F.3d at 1202.

Here, there were no other activities by MPHJ or its subsidiaries directed at this forum. Therefore, an exercise of personal jurisdiction over MPHJ here would not comport with fair play and substantial justice. *See also Red Wing Shoe Co.*, 148 F.3d at 1359-60 (affirming dismissal for lack of personal jurisdiction, because letters offering a license to an alleged infringer "do not suffice to create personal jurisdiction"); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. N.Y. 1983) (citing cases); *Fort Knox Music, Inc. v. Baptiste*, 139 F. Supp. 2d 505, 511 n.6 (S.D.N.Y. 2001) ("noting the 'legitimate concern' that subjecting copyright, patent, or trademark holders to personal jurisdiction for sending cease and desist letters would adversely affect the assertion of legal rights and discourage out-of-court settlements") (citation omitted);[7] *Fiedler v. First City Nat'l Bank of Houston*, 807 F.2d 315, 316-18 (2d Cir. 1986). *See also*

[7] In *Fort Knox Music, Inc.*, 139 F. Supp. 2d 505 the defendant sent a series of letters over a 23 year period, asserting sole authorship of a song. The court determined it lacked personal jurisdiction, holding that the series of letters to the plaintiffs in the forum state did not give the court personal jurisdiction.

*Marvel Characters, Inc. v. Kirby,* 2013 U.S. App. LEXIS 16396, at *14-16 (2d Cir. N.Y. Aug. 8, 2013).

In *Marvel*, the plaintiff alleged personal jurisdiction based off the sending of a communication concerning termination rights under federal copyright laws. *Id.* at *17. The Second Circuit Court of Appeals noted that the defendants sought to vindicate rights under federal copyright laws, not any "privilege or benefit conferred by New York State law." *Id.* at *20. In foreclosing to exercise jurisdiction pursuant to New York's long-arm statute, the court concluded "that a communication from out-of-state, required for the exercise of rights conferred under a federal statute, cannot alone constitute a purposeful availment of 'the benefits and protections of [New York's] laws.'" *Id.* Here, as more fully explained in MPHJ's opposition to the State's Motion to Remand, MPHJ's subsidiaries were essentially required to send the patent inquiry letters to alleged infringers in Vermont in order to meet their FED. R. CIV. P. 11 pre-suit investigation obligation prior to bringing suit. Thus, pursuant to the analysis in *Marvel*, neither MPHJ nor its subsidiaries, have purposely availed themselves to the benefits and protections of Vermont law.

As the only "Vermont activity" engaged in by MPHJ's subsidiaries was the sending the patent licensing inquiry letters to Vermont business, neither the subsidiaries, nor MPHJ, are subject to specific personal jurisdiction in Vermont.

**C. Any Vermont State Court Will Also Lack Personal Jurisdiction Over MPHJ**

Even if Vermont state law were applied to assess the question of personal jurisdiction over the State's VCPA claims, the conclusion would be the same – the Court lacks personal jurisdiction over MPHJ with respect to those claims. This is because Vermont's long-arm statute, as it has been interpreted, makes clear that an exercise of personal jurisdiction over a party must comport with the requirements of due process. *See* Vt. Stat. Ann. tit. 12 § 913(b); *Northern Aircraft, Inc.*, 154 Vt. at 40. Therefore, because it is clear that an exercise of personal jurisdiction over a patentee for merely sending cease and desist letters is insufficient to comport

with due process, MPHJ would not be subject to personal jurisdiction in any Vermont State Court either. Thus, assuming, *arguendo*, that this case was remanded back to Vermont State Court (which MPHJ is confident it should not be), the State Court will also lack personal jurisdiction over MPHJ as well.

Accordingly, regardless of whether personal jurisdiction over MPHJ is analyzed under Federal Circuit or Second Circuit or Vermont law, exercising personal jurisdiction over MPHJ based upon the sending of the three letters by its subsidiaries would be inappropriate in this case, and it should be dismissed pursuant to Rule 12(b)(2). *See Ruhrgas*, 526 U.S. at 578.

**CONCLUSION**

Accordingly, for the foregoing reasons, MPHJ respectfully requests that this Court first rule on its Motion to Dismiss prior to deciding whether it has subject matter jurisdiction over this action, and find that neither this Court, nor any Vermont State Court has personal jurisdiction over MPHJ. Thus, this case should be dismissed pursuant to FED. R. CIV. P. 12(b)(2).

Respectfully submitted,

Date: September 17, 2013

Gravel & Shea PC

*/s/ Andrew D. Manitsky*
Andrew D. Manitsky
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, Vermont 05402-0369
(802) 658-0220
amanitsky@gravelshea.com

W. Bryan Farney (*Pro Hac Vice*)
800 South Austin Ave., Ste. 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
bfarney@farneydaniels.com

*Attorneys for Defendant*
*MPHJ Technology Investments, LLC*