UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>MPHJ TECHNOLOGY )<br>INVESTMENTS, LLC, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action No. 2:13-cv-00170-wks |

**STATE OF VERMONT'S MOTION TO STAY BRIEFING AND DECISION ON
DEFENDANT'S MOTION TO DISMISS**

Over three months after removing this case from state court, MPHJ seeks to contest personal jurisdiction and to have that issue decided immediately, before the Court decides the motion to remand filed by the State in early July. In urging the Court to first consider its belated motion to dismiss for lack of personal jurisdiction, MPHJ relies on *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574 (1999). But none of the concerns identified in *Ruhrgas* – the relative difficulty of the issues, judicial efficiency, and federalism – support MPHJ's effort to avoid a ruling on the State's motion to remand. As explained below, the Court should first decide its jurisdiction over this case, and should stay further briefing on MPHJ's motion until after the Court rules on the State's motion to remand.

### MEMORANDUM OF LAW

"Customarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing

1

of the case." *Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996). *Ruhrgas* did not change this principle – indeed, the Supreme Court reiterated that "subject-matter delineations must be policed by the courts on their own initiative even at the highest level." 526 U.S. at 583. *Ruhrgas* merely acknowledges that the "jurisdictional hierarchy" is not "unyielding," and that a district court may, in an occasional appropriate case, decide a "straightforward personal jurisdiction issue presenting no complex question of state law" in lieu of reaching a complex question of subject matter jurisdiction. 526 U.S. at 578, 588. In contrast to *Ruhrgas*, however, here the argument against personal jurisdiction is anything but "straightforward"; judicial economy favors deciding the State's motion first; and principles of comity and federalism counsel against usurping the state court's role and disrupting the state's enforcement action. The Court should decide the State's motion to remand and postpone any consideration of MPHJ's motion to dismiss until after the proper forum for this case has been resolved. *See Casella Waste Sys. v. GR Tech., Inc.*, No. 1:07-cv-150, 2008 WL 148996, at *1 (D. Vt. Jan. 1, 2008) (adhering to "custom of first resolving subject matter jurisdiction").

I.   **MPHJ's effort to avoid personal jurisdiction in Vermont raises complex questions of state and federal law.**

The Supreme Court in *Ruhrgas* held that a district court *may* decide personal jurisdiction before subject matter jurisdiction where the question of personal jurisdiction is "straightforward" and the analysis of subject matter jurisdiction is more complex. 526 U.S. at 588. In fact, the Court acknowledged that, "[i]f personal

2

jurisdiction raises 'difficult questions of [state] law,' and subject-matter jurisdiction is resolved 'as eas[ily]' as personal jurisdiction, a district court will ordinarily conclude that 'federalism concerns tip the scales in favor of initially ruling on the motion to remand.'" *Id.* at 586 (quoting *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986)).

There is nothing "straightforward" about MPHJ's effort to escape the jurisdiction of any court in Vermont, state or federal. The State alleges that MPHJ conducted a deliberate and extensive campaign of commercial activity in Vermont, targeting scores of Vermont businesses with letters that contained false and misleading statements and solicited the payment of money. *See, e.g.,* Doc. 6, ¶¶ 1, 3, 6-7, 9, 14, 33-34, 56-57. MPHJ repeatedly threatened to sue these businesses in Vermont. *Id.* ¶¶ 30-32 & Ex. C (sample draft complaint). There can be no serious question that a Vermont court, applying Vermont precedent, would hold that this conduct is sufficient to establish minimum contacts with Vermont for purposes of the State's enforcement action. *See N. Aircraft, Inc. v. Reed*, 154 Vt. 36, 41, 572 A. 2d 1382, 1385-86 (1990) (under Vermont long-arm statute, court can exercise jurisdiction over defendants "to the outer limits permitted by the due process clause" (quotation omitted)); *Dall v. Kaylor*, 163 Vt. 274, 275-76, 658 A.2d 78, 79 (1995) (finding personal jurisdiction where defendants advertised in nationally circulated publication and entered into single transaction with Vermont resident; noting that personal jurisdiction is reasonable where "defendant purposefully directs activity toward residents of a forum state and the litigation arises out of, or

relates to, that activity"); *Sollinger v. Nasco*, 655 F. Supp. 1385 (D. Vt. 1987) (finding personal jurisdiction over defendant that sent catalogs into state and entered into one transaction in Vermont that was not completed).

MPHJ barely addresses Vermont precedent, relying instead on Federal Circuit rulings about personal jurisdiction over patent cases. The State cannot, in this motion, fully address MPHJ's argument. Briefly, however, the Federal Circuit cases cited by MPHJ do not lead to a "straightforward" result, for at least three reasons.

First, the cases cited by MPHJ address patent infringement disputes. *See Avocent Huntsville Corp. v. Aten Int'l Co.,* 552 F.3d 1324 (Fed Cir. 2008) (finding no personal jurisdiction over nonresident patent holder in action for declaratory judgment of non-infringement; merely informing a party within state of possible infringement insufficient basis for personal jurisdiction); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998) (similar; sending three letters into state that provided "proper notice" of alleged infringement insufficient to trigger personal jurisdiction in action for declaratory judgment of non-infringement). This is a civil action for consumer protection that arises out of the scores of allegedly false and misleading letters that MPHJ sent into Vermont. It is not, as the State has already explained, a patent lawsuit. *See* Doc. 9-1, at 11-18. The issue here is not whether one of the Vermont businesses targeted by MPHJ could litigate the scope and validity of MPHJ's patents in Vermont. The issue is whether the State of Vermont may enforce state consumer protection law against a business

that has engaged in a concerted course of conduct aimed at Vermont consumers. The Federal Circuit has explained that "the sending of infringement letters would satisfy the minimum contacts requirement of due process except for policy considerations *unique to the patent context*." *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003) (emphasis added). The policy considerations relevant here are entirely different and the Federal Circuit's patent-law cases do not dictate the outcome that MPHJ seeks.

Second, as a federal court in New York held in a similar case, the fact that MPHJ's "sole function is to manage, enforce and license its patents" bears on the issue of personal jurisdiction. *Ivoclar Vivadent Inc. v. Hasel*, No. 02–cv–0316E(F), 2003 WL 21730520, at *4 (W.D.N.Y. June 30, 2003). MPHJ, like the defendant in *Ivoclar*, has none of the usual indicia of doing business because it does not produce or sell any products. *See id.* MPHJ's primary – if not sole – business activity is sending letters that claim patent infringement, seek payments, and threaten lawsuits. Again, like the defendant in *Ivoclar*, MPHJ "has extensively engaged in its primary business activity" in this state. *Id.* As the State's allegations indicate, and further discovery would confirm, MPHJ contacted numerous Vermont businesses, sometimes repeatedly, over a period of many months – and that conduct represents the only "business" that MPHJ conducts. MPHJ's course of doing business in this state is a sufficient basis for personal jurisdiction. *See id.*

Third, the Federal Circuit cases cited by MPHJ are readily distinguishable. Again, MPHJ targeted scores of Vermont businesses and repeatedly threatened

litigation in Vermont. Moreover, MPHJ did not merely send letters into Vermont to put other businesses on notice of possible infringement. Rather, accepting the State's allegations as true, MPHJ made false and deceptive statements and engaged in unfair practices in this State. None of the cases cited by MPHJ is factually similar to this one.

MPHJ's argument is stark and troubling: it contends, in essence, that it can target any number of Vermont businesses with false and deceptive letters, and seek payment of money on threat (again, a false one) of an expensive lawsuit in Vermont – and yet remain immune from suit for violations of state law. MPHJ not only advances this argument, but describes its position as "simple." Doc. 16, at 4. Not so. Because MPHJ has not raised a "straightforward" question of personal jurisdiction, the Court should adhere to the usual rule, and address subject matter jurisdiction first. *See Cantor*, 88 F.3d at 155 (district court exercising discretion to decide an issue other than subject matter jurisdiction "should be convinced" that the "alternative ground is considerably less difficult to decide").

## II.  Deciding the State's motion to remand first would conserve the resources of the Court and the parties.

In *Ruhrgas*, the Court noted that "concerns of judicial economy and restraint" may at times support a departure from the usual rule of addressing subject matter jurisdiction first. 526 U.S. at 586. Here, those concerns instead "tip the scales," *id.*, decisively in favor of deciding subject matter jurisdiction first. The State's motion to remand was filed months ago and will be fully briefed by October 22. It presents

purely legal issues and it squarely frames the key jurisdictional question: whether, as the State has shown, this is a state-law enforcement action that does not arise under federal patent law and does not implicate the scope or validity of MPHJ's patents.

Postponing consideration of the State's motion to remand in favor of deciding MPHJ's motion to dismiss will not save time or effort for the parties or the Court. The reverse is true. MPHJ could have moved to dismiss at any time after removal, but it chose to delay and accordingly, the parties' briefing will not be complete until well after the motion to remand is ripe for decision. *Cf. Cantor*, 88 F.3d at 154, 157 n.4 (noting that defendant who filed motion to dismiss "immediately upon removal" raised the defense in a "timely" manner). Moreover, questions of personal jurisdiction can be "factually intensive," *Casella*, 2008 WL 148996 at *1, and parties commonly engage in preliminary discovery where jurisdiction is disputed. *Cf. Ruhrgas*, 526 U.S. at 580 (noting that district court permitted jurisdictional discovery); *Cantor*, 88 F.3d at 154-55 (same). While, in the State's view, the allegations in the complaint are sufficient to make a prima facie showing of personal jurisdiction, if the Court disagrees, the State should have the opportunity to conduct discovery to elucidate and confirm the scope of MPHJ's contacts with Vermont.[1] Given the potential need for discovery and development of a factual

---

[1] The State obtained some information from MPHJ through a pre-suit civil investigative demand (CID). MPHJ did not provide all of the requested information and MPHJ's contacts with Vermont may have continued after that date. Along with further information about MPHJ's contacts with Vermont, the State also seeks

record, putting personal jurisdiction ahead of subject matter jurisdiction would cause undue delay and uncertainty in this case.

Moreover, MPHJ's claim that the Court can avoid "thorn[y]" and "novel" questions of patent law and state consumer protection law by addressing personal jurisdiction first is mistaken. Doc. 19, at 5. MPHJ's analysis of personal jurisdiction is grounded in patent law and assumes that the considerations that govern patent infringement suits apply with equal force to the State's consumer protection claims. The "novel" questions that MPHJ alludes to are unavoidable. The better course is for the Court to address those issues directly in the context of deciding subject matter jurisdiction. That approach is consistent with *Casella*, where this Court noted that neither personal jurisdiction nor subject matter jurisdiction "jump[s] out as considerably less difficult to decide than the other" and thus saw "no reason to diverge from the custom of first resolving subject matter jurisdiction." 2008 WL 148996, at *1.

### III. Because this is a state enforcement action brought in the public interest, principles of federalism weigh heavily in favor of deciding subject matter jurisdiction and promptly remanding to state court if this Court lacks jurisdiction.

In *Ruhrgas*, the Supreme Court acknowledged that principles of federalism and comity are relevant to a federal court's ordering of jurisdictional issues. The Court explained that a "State's dignitary interest bears consideration when a

---

information about the parties that own and control MPHJ – the real parties in interest here.

district court exercises discretion in a case of this order." 526 U.S. at 586. Those concerns carry special weight here, where the State is the plaintiff and has a substantial interest in protecting the public and enforcing state laws. MPHJ is not merely trying to shift a private commercial dispute to its preferred forum. Rather, MPHJ wants to prevent the State from asserting its claims in any forum. A finding of no personal jurisdiction would end this case and could effectively immunize MPHJ's conduct. This Court should not reach out to decide that issue before deciding subject matter jurisdiction. If, as the State contends, this case belongs in state court, then the state court should decide whether MPHJ's conduct provides a sufficient basis for personal jurisdiction. *See Cantor*, 88 F.3d at 155 (federalism concerns may favor deciding subject-matter jurisdiction first, where alternate ground is a state-law issue like personal jurisdiction and state-law issue is not easily decided).

      MPHJ has a right to a federal forum only if the State has asserted a claim that arises under federal law. It has no right to a federal court decision on personal jurisdiction, even if that issue turns in part on federal constitutional requirements. As the Supreme Court has explained, in our "system of dual sovereignty," state courts "have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). Indeed, the doctrine of *Younger* abstention, which limits federal-court proceedings that interfere with a State's criminal and civil enforcement actions, is premised on principles of "comity and federalism." *Trainor*

*v. Hernandez,* 431 U.S. 434, 446 (1977); *see also Younger v. Harris,* 401 U.S. 37, 44 (1971) (federalism represents "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States"). The principles that animate *Younger* abstention apply with equal force here. Deciding subject-matter jurisdiction first limits any unnecessary disruption of the State's enforcement action and avoids intruding on the role of the state court.

## CONCLUSION

For the reasons given, the State respectfully asks that the Court stay further briefing and decision on MPHJ's motion to dismiss and allow the State to postpone filing its opposition to the motion until after the Court rules on the pending motion to remand.

## LOCAL RULE 7(a)(7) CERTIFICATION

Counsel for the State of Vermont contacted Andrew Manitsky, counsel for defendant MPHJ, to seek consent to this motion. MPHJ does not consent.

Dated: September 27, 2013

        STATE OF VERMONT

        WILLIAM H. SORRELL
        ATTORNEY GENERAL

By:    */s/ Bridget C. Asay*
       Bridget C. Asay
       Ryan Kriger
       Naomi Sheffield
       Assistant Attorneys General
       Vermont Attorney General's Office
       109 State Street
       Montpelier, VT 05609
       Tel. (802) 828-5500
       basay@atg.state.vt.us
       rkriger@atg.state.vt.us
       nsheffield@atg.state.us

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to Andrew D. Manitsky, Esq.


Dated:  September 27, 2013                        WILLIAM H. SORRELL
                                                    ATTORNEY GENERAL

                                     By:   */s/ Naomi Sheffield*
                                                   Naomi Sheffield
                                                   Assistant Attorney General
                                                   Office of the Attorney General
                                                   109 State Street
                                                   Montpelier, VT 05609-1001
                                                   (802) 828-6906
                                                   nsheffield@atg.state.vt.us

                                                   Counsel for Plaintiff