UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | | |
|---|---|---|
| STATE OF VERMONT,<br>　　　　Plaintiff<br><br>　　　　　　v.<br><br>MPHJ TECHNOLOGY INVESTMENTS,<br>LLC,<br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No. 2:13-cv-170 |

**DEFENDANT MPHJ TECHNOLOGY INVESTMENTS, LLC'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF STATE OF VERMONT'S MOTION TO STAY
<u>BRIEFING AND DECISION ON DEFENDANT'S MOTION TO DISMISS</u>**

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

# TABLE OF CONTENTS

**Contents**                                                                                                              **Page**

Introduction ................................................................................................................- 1 -

Argument .....................................................................................................................- 3 -

I.  Contrary To The State's Attempt To Persuade The Court Otherwise, The Personal
    Jurisdiction Question In This Case Is Straightforward. ...................................- 3 -

    A.  The "Type" Of Dispute At Issue In This Case Has No Bearing On Whether MPHJ's
        Activities In Vermont Subject It To Personal Jurisdiction. ........................- 3 -

    B.  MPHJ Does Not "Conduct Business" In Vermont Such That An Exercise Of Personal
        Jurisdiction Over It Would Be Justified Here. ..........................................- 6 -

    C.  A Vermont State Court Should Not Decide The Personal Jurisdiction Question
        Differently. ..............................................................................................- 7 -

    D.  The Policy Against Subjecting A Patentee To Personal Jurisdiction In A Foreign
        Forum For Enforcing Its Patent Rights There Supports Dismissal Of This Case. ...- 9 -

II. Principles Of Federalism Weigh In Favor Of This Court Deciding The Personal
    Jurisdiction Question First. ...............................................................................- 10 -

III. Deciding The State's Motion To Remand First Will Not Conserve The Court's And
     Parties' Resources. ..........................................................................................- 12 -

    A.  MPHJ Did Not Delay In Filing Its Motion To Dismiss, Nor Does The Timing Of
        MPHJ's Filing Impact The *Ruhrgas* Analysis Here. ..............................- 13 -

    B.  Jurisdictional Discovery Is Wholly Unnecessary Here, As The State Already
        Possesses All Information Regarding MPHJ's Contacts With Vermont. ...........- 14 -

Conclusion ...................................................................................................................- 15 -

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpine View Co. v. Atlas Copco AB,*
  205 F.3d 208 (5th Cir. Tex. 2000) .......................................................12

*Artesanales v. Dow Quimica de Colombia S.A.,*
  988 F.2d 559 (5th Cir. Tex. 1993), *cert denied*, 114 S. Ct. 685 .............12

*Ath. Training Innovations, LLC v. eTAGZ, Inc.,*
  2013 U.S. Dist. LEXIS 91943 (E.D. La. June 30, 2013).........................5

*Beacon Enters., Inc. v. Menzies,*
  715 F.2d 757 (2d Cir. 1983)..............................................................4, 7

*Broder v. Cablevision Sys. Corp.,*
  418 F.3d 187 (2d Cir. 2005)..................................................................3

*Cantor Fitzgerald, L.P. v. Peaslee,*
  88 F.3d 152 (2d Cir. N.Y. 1996)....................................................13, 14

*Dall v. Kaylor,*
  163 Vt. 274 (1995).................................................................................7

*ERA Marine Prods. v. Jet Dock Sys.,*
  2010 U.S. Dist. LEXIS 104225 (D. Minn. June 29, 2010).......................5

*Gaither Tool Co. v. Tire Serv. Equip. Mfg.,*
  1997 U.S. Dist. LEXIS 10392 (N.D. Ill. July 14, 1997)..........................5

*Gilbert-Cohen v. Carthage Area Hosp., Inc.,*
  2010 Vt. Super. LEXIS 20 (Vt. Super. Ct. June 28, 2010).......................8

*Girl Scouts of the United States v. Steir,*
  102 Fed. Appx. 217 (2d Cir. 2004).......................................................14

*Heathcote Assocs. v. Chittenden Trust Co.,*
  958 F. Supp. 182 (D. Vt. 1997)..............................................................3

*Hildebrand v. Steck Mfg. Co.,*
  279 F.3d 1351 (Fed. Cir. 2002)..........................................................4, 7

*Investors Corp. v. Bayer,*
  2005 Vt. Super. LEXIS 34 (Vt. Super. Ct. Aug. 3, 2005) ......................8

gravel & shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

*Ivoclar Vivadent Inc. v. Hasel,*
  2003 U.S. Dist. LEXIS 12611 (W.D.N.Y. June 30, 2003) ................................6, 7, 8

*Jazini v. Nissan Motor Co.,*
  148 F.3d 181, 186 (2d Cir. 1998)). ..........................................................................14

*Klinghoffer v. S.N.C. Achille Lauro,*
  937 F.2d 44 (2d Cir. 1991) .........................................................................................15

*KVH Industries, Inc. v. Moore,*
  789 F. Supp. 69 (D.R.I. 1992) ......................................................................................9

*Marlin Firearms Co. v. Wild West Guns, LLC,*
  2010 U.S. Dist. LEXIS 145501 (D. Conn. May 7, 2010) ..........................................4

*Marvel Characters, Inc. v. Kirby,*
  2013 U.S. App. LEXIS 16396 (2d Cir. N.Y. Aug. 8, 2013) .......................................4

*Med-Tec, Inc. v. Kostich,*
  980 F. Supp. 1315 (N.D. Iowa 1997) ...........................................................................9

*Northern Aircraft, Inc. v. Reed,*
  154 Vt. 36 (1990) ...........................................................................................................7

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,*
  148 F.3d 1355, 1360-61 (Fed. Cir. 1998) ....................................................................6

*Ruhrgas v. Marathon Oil Co.,*
  526 U.S. 574 (1999) ............................................................................................ *passim*

*Silent Drive, Inc. v. Strong Indus.,*
  326 F.3d 1194 (Fed. Cir. 2003) ...............................................................................4, 5

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,*
  549 U.S. 422 (2007) .....................................................................................................12

*Skillsoft Corp. v. Harcourt Gen., Inc.,*
  146 N.H. 305 (N.H. 2001) ............................................................................................8

*Sollinger v. Nasco,*
  655 F. Supp. 1385 (D. Vt. 1987) ..................................................................................7

*Stewart v. Vista Point Verlag,*
  20 Fed. Appx. 91 (2d Cir. 2001) ................................................................................14

*Torres v. Ed Thomas Autos & Leasing, Inc.,*
  2005 Vt. Super. LEXIS 18 (Vt. Super. Ct. Nov. 23, 2005) ........................................8



gravel &
shea    ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

*Villar v. Crowley Maritime Corp.,*
   990 F.2d 1489 (5th Cir. Tex. 1993) .......................................................................12

**Statutes**

Illinois Trade Secrets Act.........................................................................................8

**Other Authorities**

4 C. Wright & A. Miller, Federal Practice and Procedure, § 1051, at 160-62 (1987)). ................15

U.S. Constitution, Fourteenth Amendment ..............................................................2, 3

Federal Rule of Civil Procedure 11 ..........................................................................11

gravel &
shea | ATTORNEYS AT LAW

76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

### Introduction

MPHJ Technology Investments, LLC ("MPHJ") submits this Memorandum of Law in Opposition to the State of Vermont's ("the State") Motion to Stay Briefing and Decision on MPHJ's Motion to Dismiss for Lack of Personal Jurisdiction. Dkt. No. 20. The State by its Motion makes plain its desperate desire to prevent this Court from even considering whether it has personal jurisdiction over MPHJ.

By this remarkable Motion to Stay, the State asks this Court to forego its right, under *Ruhrgas v. Marathon Oil Co.,* 526 U.S. 574 (1999), to consider MPHJ's straightforward personal jurisdiction motion. It asks this Court to decide the novel subject matter jurisdiction questions in this case *before it even receives briefing* on the personal jurisdiction question. Such a result would be in direct conflict with *Ruhrgas*, which empowers a district court to consider both subject matter and personal jurisdiction questions, and, should the personal jurisdiction inquiry prove to be simple, straightforward and clear, enables the court to decide it first. In support of its remarkable proposition that this Court should forego even considering whether it might wish to exercise its rights under *Ruhrgas* to decide personal jurisdiction first, the State makes three arguments. Each, when considered, lacks merit.

The State first argues this Court should prevent itself from receiving any further briefing on the personal jurisdiction issue because, according to the State, the personal jurisdiction issue is allegedly "complex" and, in any event, should be decided in the State's favor. The fallacy in this circular argument is obvious. This Court plainly cannot consider the alleged complexity of, or correct outcome on, the personal jurisdiction issue unless and until it receives the briefing on that issue. Further, as MPHJ demonstrates in this Opposition, the State is simply wrong – the personal jurisdiction issue here is simple, and should be decided in MPHJ's favor.

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

The State's second argument is that this Court would conserve resources by delaying briefing on the personal jurisdiction issue. However, the State fails to distinguish between the conservation of judicial resources and the parties' resources, and misapprehends the entire point of *Ruhrgas*. *Ruhrgas* teaches that a court can conserve *its* resources by considering the personal jurisdiction issue along with the subject matter jurisdiction issue, and where the personal jurisdiction issue is straightforward, may decide it first. Thus, with respect to judicial resources, the State has it backwards in contending that the Court would conserve its judicial resources by declining at this stage to receive all the relevant briefing. As to the parties' resources, the Motion to Stay is irrelevant in any event. Plainly the parties will brief the personal jurisdiction issue in some court, regardless of the outcome of the remand motion. MPHJ submits it should be briefed here, so the Court can then consider whether to exercise its rights under *Ruhrgas*.

The State's third and final argument in favor of its Motion to Stay is that principles of federalism support granting the stay. But this argument was explicitly rejected by *Ruhrgas*. The Supreme Court directly addressed the federalism issue, and concluded that at least with respect to personal jurisdiction, the federal and state courts are not in competition. *Ruhrgas*, 526 U.S. at 586. Thus, *Ruhrgas* makes it emphatically clear that this Court's consideration of personal jurisdiction does not present any federalism concern. Indeed, if there is any concern that has been raised, it is the State's stunning suggestion that the Vermont state courts would interpret the limits of due process under the Fourteenth Amendment differently than would the federal courts in the circumstances of this case.

Each of these three arguments by the State is addressed more fully below, and on the facts and law presented, MPHJ respectfully requests the Court deny the Motion to Stay.

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -

<u>Argument</u>

I.   CONTRARY TO THE STATE'S ATTEMPT TO PERSUADE THE COURT
     OTHERWISE, THE PERSONAL JURISDICTION QUESTION IN THIS CASE IS
     STRAIGHTFORWARD.

As more fully outlined in MPHJ's Motion to Dismiss (Dkt. No. 16), it is well settled that

a patentee is not subject to personal jurisdiction in a foreign forum for merely enforcing its patent

rights there, when it has no other contacts with the State.  MPHJ fully adopts the arguments and

authority cited in its Motion to Dismiss, and separately responds to the State's arguments here

regarding the personal jurisdiction inquiry.

   A.   <u>The "Type" Of Dispute At Issue In This Case Has No Bearing On Whether
        MPHJ's Activities In Vermont Subject It To Personal Jurisdiction</u>.

In support of its assertion that the personal jurisdiction question is not "straightforward,"

the State argues that the authority cited by MPHJ involves "patent infringement disputes," and,

thus, is inapplicable to the jurisdictional analysis in this case.  The State argues that "[t]his is a

civil action for consumer protection" and not "a patent lawsuit." Dkt. No. 20, p. 4.  But the State

admits, however, that this action "arises out of the scores of [patent] letters that MPHJ sent into

Vermont." *Id.*  Thus, even the State agrees that this action is entirely premised on inquiries

related to patent infringement contained within letters sent to Vermont businesses.

Further, when the contents of the allegations set forth in a complaint contradict

documents attached to it, the documents control. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d

187, 196 (2d Cir. 2005) ("We look not only at the allegations in the complaint but also at any

document that is integral to the complaint, and we are guided by the terms of such documents

rather than a plaintiff's characterization of them"); *see also Heathcote Assocs. v. Chittenden

Trust Co.,* 958 F. Supp. 182, 184 (D. Vt. 1997) (similar).  Here, the accused letters are

themselves attached to the Complaint, and simply from reading the letters the Court can see that



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

they plainly relate to patents.  Thus, personal jurisdiction due process considerations specific to sending patent-related inquiry letters are relevant to the personal jurisdictional inquiry here.

The Federal Circuit, consistent with other federal courts, has made it clear that sending letters related to patents, even letters threatening suit for patent infringement, *cannot*, alone, subject a patentee to personal jurisdiction in the recipient's state. *See, e.g., Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002).  The numerous Federal Circuit cases repeatedly reaching this same conclusion are set forth in MPHJ's Motion to Dismiss, and are incorporated herein by reference. Dkt. No. 16.  The Second Circuit consistently agrees with this same principle. *See, e.g., Marvel Characters, Inc. v. Kirby*, 2013 U.S. App. LEXIS 16396, at *14-16 (2d Cir. N.Y. Aug. 8, 2013) ("a communication from out-of-state [copyright holder], required for the exercise of rights conferred under a federal statute, cannot alone constitute a purposeful availment of 'the benefits and protections of [New York's] laws.'"); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983) (similar holding in trademark and copyright case); *Marlin Firearms Co. v. Wild West Guns, LLC*, 2010 U.S. Dist. LEXIS 145501, at *26 (D. Conn. May 7, 2010).  In short, in federal courts, it simply is well-settled that where the only relevant activity is the sending of letters related to an entity's intellectual property, the limits of due process do not subject the sender to personal jurisdiction in the recipient's state.

Contrary to the State's assertions, the "policy considerations unique to the patent context" explained in *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003), that a patentee could not be subject to personal jurisdiction in a forum for sending patent licensing inquiry letters, was not limited to patent infringement cases.  Rather, this policy against subjecting a patentee to personal jurisdiction in a foreign forum for the sending of patent licensing inquiry letters is required by due process considerations in all cases premised on a patentee's sending letters related to its patent rights. Specifically, the Court explained:

gravel &
shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 4 -

'[P]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum.' The patent system has national application. If infringement letters created jurisdiction, the patentee could be haled into court anywhere the letters were sent.

*Id.* (citation omitted). The State's position is in direct conflict with *Silent Drive*, the Federal Circuit, and the Second Circuit. It is also contrary to public policy, and would undoubtedly serve to prevent patent owners from enforcing their federally-protected, time-limited assets.

While it is true that a state attorney general has never brought a consumer protection action against a patentee based solely on its patent enforcement efforts, there have been a number of cases where a recipient of a patent-related letter sued the patentee, alleging that it engaged in unfair competition. *See, e.g., ERA Marine Prods. v. Jet Dock Sys.*, 2010 U.S. Dist. LEXIS 104225 (D. Minn. June 29, 2010) (alleging violations by patentee of federal and state unfair competition claims, deceptive trade practices and consumer fraud claims); *Ath. Training Innovations, LLC v. eTAGZ, Inc.*, 2013 U.S. Dist. LEXIS 91943 (E.D. La. June 30, 2013) (alleging violations of state unfair competition laws by a patentee for sending patent licensing letter to plaintiff); *Gaither Tool Co. v. Tire Serv. Equip. Mfg.*, 1997 U.S. Dist. LEXIS 10392 (N.D. Ill. July 14, 1997) (alleging various state law claims for unfair trade practices against a patentee). Those cases were appropriately dismissed for lack of personal jurisdiction, because the patentee merely sent cease and desist letters. *See ERA Marine Prods.*, 2010 U.S. Dist. LEXIS 104225 at *16 (dismissing all claims and finding no general or specific personal jurisdiction); *Ath. Training Innovations, LLC*, 2013 U.S. Dist. LEXIS 91943 at *30 (dismissing complaint in its entirety and holding "cease-and-desist letters are insufficient to establish minimum contacts with a state to confer personal jurisdiction"); *Gaither Tool Co.*, 1997 U.S. Dist. LEXIS 10392 at *11 (finding that "the two infringement letters are insufficient, on their own, to support specific jurisdiction"). Thus, although these cases may not be factually *identical* to this action (because

gravel &
shea  ATTORNEYS AT LAW                                        - 5 -
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

the State is the Plaintiff), they certainly are "factually similar" to the conduct complained of here, at least enough to be considered persuasive authority for the jurisdictional inquiry here.

B.  MPHJ Does Not "Conduct Business" In Vermont Such That An Exercise Of Personal Jurisdiction Over It Would Be Justified Here.

The State cites *Ivoclar Vivadent Inc. v. Hasel*, 2003 U.S. Dist. LEXIS 12611 (W.D.N.Y. June 30, 2003) to support its assertion that MPHJ is "doing business" in Vermont, such that an exercise of personal jurisdiction over it would be justified. But the Court need only read *Ivoclar* to see that it supports MPHJ's position, not the State's. In *Ivoclar*, the defendants moved to dismiss for lack of personal jurisdiction, arguing that the sending of two patent licensing inquiry letters was insufficient to subject them to personal jurisdiction in New York. *Id.* at *4. In response, the plaintiff offered evidence of the defendants' *other activities* in New York, besides the sending of patent letters, which, it asserted, would subject the defendants to personal jurisdiction there. *Id.* These other activities included the defendants' multiple appearances in person in New York to discuss the claims of infringement and possible licensing agreement, as well as several phone calls made by the defendants' counsel, offering to meet with the plaintiff in New York City to discuss settlement. *Id.* at *5-8.

It was these *additional activities* that the Court found sufficient to confer personal jurisdiction. But the Court at the same time explicitly acknowledged that "the Court recognizes that, without more, the two letters that [the defendant] had sent to [the plaintiff] would be insufficient for this Court to exercise jurisdiction over defendants." *Id.* at *13 citing *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-61 (Fed. Cir. 1998) (finding that three cease-and-desist letters did not confer personal jurisdiction over a foreign defendant). *Ivoclar* thus actually contradicts the State's unsupported argument, and instead is consistent with the position uniformly taken by the Federal Circuit and the Second Circuit. Alone, cease and



gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 6 -

desist letters are insufficient to confer personal jurisdiction.  In fact, *Ivoclar* actually supports

MPHJ's motion to dismiss for personal jurisdiction here – as it has not engaged in any other

relevant activities with Vermont, other than the sending of patent licensing inquiry letters.[1]

C.     <u>A Vermont State Court Should Not Decide The Personal Jurisdiction Question
       Differently</u>.

As explained in Section II, *infra*, because Vermont's long-arm statute extends to the

limits of due process, a Vermont state court would go through the same personal jurisdictional

inquiry that this Court would. Therefore, judicial economy favors a decision on the personal

jurisdiction question prior to turning to subject matter jurisdiction.  In direct contradiction to

well-established case law, the State claims that "[t]here can be no serious question that a

Vermont court, applying Vermont precedent, would hold that this conduct is sufficient to

establish minimum contacts with Vermont for purposes of the State's enforcement action." Dkt.

No. 20, p. 3.  Despite asserting that the authority cited by MPHJ in its Motion to Dismiss is

inapplicable because the majority of cases cited are "patent cases," ironically, the State cites

Vermont state court cases that themselves are not state consumer protection cases. *See Northern*

*Aircraft, Inc. v. Reed*, 154 Vt. 36, 39 (1990) (contract dispute); *Dall v. Kaylor*, 163 Vt. 274, 275

(1995) (breach of warranty claim); *Sollinger v. Nasco*, 655 F. Supp. 1385, 1386 (D. Vt. 1987)

(interestingly, a copyright infringement case).

And even more ironically, while urging the Court to ignore the jurisdictional analysis in

the patent cases cited by MPHJ because "this is not a patent case," the State then argues that

*Ivoclar*, 2003 U.S. Dist. LEXIS 12611 – a case involving a declaration of certain patents'

---

[1] The argument made by the State that MPHJ has "conducted business" in Vermont by sending its patent licensing inquiry letters has also been repeatedly rejected. *See, e.g., Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983); *Hildebrand*, 279 F.3d at 1355 (holding that infringement warning letters, coupled with offers to negotiate licenses, does not constitute "transacting business" for personal jurisdiction purposes).



gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

invalidity and unenforceability – should apply. Dkt. No. 20, p. 3. And, of course, as explained *supra*, *Ivoclar* actually provides support that this Court should dismiss on personal jurisdiction grounds before deciding subject matter jurisdiction. Clearly, the State cannot have it both ways, picking and choosing the patent cases it prefers, while ignoring the vast body of federal patent law that denies this Court's jurisdiction over MPHJ.

 Vermont's long-arm statute extends to the limits of due process, and thus Vermont state courts, when analyzing personal jurisdiction in consumer protection cases (and all other state law cases), routinely cite federal law in undertaking their jurisdictional inquiry. *See, e.g., Investors Corp. v. Bayer,* 2005 Vt. Super. LEXIS 34, at *2 (Vt. Super. Ct. Aug. 3, 2005) ("the court looks to federal constitutional standards in determining personal jurisdiction"); *Torres v. Ed Thomas Autos & Leasing, Inc.*, 2005 Vt. Super. LEXIS 18, at *1-3 (Vt. Super. Ct. Nov. 23, 2005) (citing federal and U.S. Supreme Court cases regarding personal jurisdiction pertaining to due process). *See also Gilbert-Cohen v. Carthage Area Hosp., Inc.*, 2010 Vt. Super. LEXIS 20, at *3 (Vt. Super. Ct. June 28, 2010) ("the personal jurisdiction inquiry focuses on the *International Shoe* test for due process"). Because a Vermont state court should decide personal jurisdiction following federal precedent regarding due process, and as it is clear that federal precedent holds that a patentee cannot be subject to personal jurisdiction in a foreign forum merely for sending letters regarding its patent rights there, it is clear that *any* Court in Vermont – State or Federal – should find that it does not have personal jurisdiction over MPHJ.[2]

---

 [2] To MPHJ's knowledge, the only state court that has referenced this well-settled law is the New Hampshire Supreme Court, which analogized a defendant companies' sending of letters to a plaintiff officer threatening litigation for violation of the Illinois Trade Secrets Act to the sending of cease and desist letters in a patent case, and found dismissal proper for lack of personal jurisdiction following the precedent of the patent licensing inquiry letter line of cases. *See Skillsoft Corp. v. Harcourt Gen., Inc.,* 146 N.H. 305, 310 (N.H. 2001).

gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

D.    The Policy Against Subjecting A Patentee To Personal Jurisdiction In A Foreign Forum For Enforcing Its Patent Rights There Supports Dismissal Of This Case.

When analyzing the personal jurisdiction inquiry here, it is beneficial for the Court to evaluate the policy behind not subjecting a patentee to personal jurisdiction in a foreign forum merely for asserting its patent rights against infringers that reside there.  The Court in *KVH Industries, Inc. v. Moore,* 789 F. Supp. 69, 73 (D.R.I. 1992) persuasively explained the policy against subjecting a patentee to jurisdiction in a foreign forum for merely sending cease and desist letters into the forum:

> [T]he Court does not feel that one letter (or even several letters) asserting allegedly valid patent rights, can give rise to personal jurisdiction, specific or general.  This cannot be the sort of meaningful, purposeful forum contacts the Supreme Court had in mind in *Burger King* and *Asahi Metal.* If the Court found personal jurisdiction in this case, it would be tantamount to announcing that all patent holders are susceptible to suit in this forum if they assert their rights against a Rhode Island resident. This is not a desirable policy. It would be unfair and unjust to adopt a rule that to uphold her rights, a patent holder must submit to the jurisdiction of a wrongdoer's forum.

*Id. See also Med-Tec, Inc. v. Kostich*, 980 F. Supp. 1315, 1329-31 (N.D. Iowa 1997) (in *accord* with *KVH Industries* and citing numerous cases regarding the same).  The *Med-Tec* Court, at 980 F. Supp 1329-31, warned against the implications of a rule that a patent holder cannot demand recourse from an infringer without submitting to jurisdiction in the wrongdoer's forum:

> Such a rule would leave the patentee only three options: the patentee could forego his rights entirely; the patentee could attempt to settle the dispute without litigation, but at the price of submitting to the jurisdiction of a distant forum; or the patentee could sue without any warning, the blitzkrieg nature of the attack being necessary to avoid vulnerability to foreign jurisdiction. A contrary rule would also run against public policy for two reasons. First, it would discourage the settlement of disputes. Second, it would unjustifiably paint the patent holder as the wrongdoer. It would indeed be a strange twist if the very written notice of infringement necessary to commence the running of damages submits the patentee to the foreign jurisdiction of the infringer.



gravel &
shea  ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 9 -

These policy considerations are not cast aside merely because there are numerous potential patent infringers residing in Vermont. Thus, the State's argument that the "number of Vermont businesses" who received letters from MPHJ's subsidiaries subjects MPHJ to personal jurisdiction here is without merit -- the policy this position would create is that if a patentee owns a patent that is widely infringed, it must only pick and choose a small number of companies to enforce its rights against (while allowing all other Vermont companies to infringe with impunity). Such a ruling would undoubtedly create inconsistent judgments across jurisdictions, as each court would be required to determine the cut-off number of infringers that a patent may be enforced against before a patent owner becomes subject to personal jurisdiction for sending letters to any potential infringers above that arbitrary cut-off. Also, each jurisdiction would be forced to decide which type of business or consumer would be held accountable for infringement – would it include only large businesses, small businesses, or solely for-profit businesses? Obviously, such an analysis would be arbitrary and difficult, and would leave certain patent owners, whose patents are widely infringed by many different kinds of entities, limited in their enforcement abilities (thus treating patent owners discriminately based upon the type of patent they own). Such policy considerations support dismissal in this case.

II.    PRINCIPLES OF FEDERALISM WEIGH IN FAVOR OF THIS COURT DECIDING
       THE PERSONAL JURISDICTION QUESTION FIRST.

The State, in arguing that federalism concerns favor deciding the remand issue without considering personal jurisdiction, makes several misplaced accusations. It claims, for example, that the Court should somehow view MPHJ's personal jurisdiction differently simply because the State stepped in on behalf of a number of Vermont infringers and made itself the Plaintiff. *See* Dkt. No. 20, p. 9 ("MPHJ is not merely trying to shift a private commercial dispute to its

gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 10 -

preferred forum."). The State also claims that "MPHJ wants to prevent the State from asserting its claims in any forum." Dkt. No. 20, p. 9. Neither of these points have merit.

First, the fact that the State of Vermont has stepped in on behalf of its residents to bring this action against MPHJ has absolutely no bearing on this Court's decision to apply *Ruhrgas* and decide personal jurisdiction first. MPHJ cannot assume any responsibility for the fact that this case is public and not "private," and has been made very public by the State's press releases and statements to the media. The State filed this action, and the State chose to broadcast its contents throughout various media outlets. Thus, now, it cannot claim that because this action is not "a private commercial dispute," it deserves to have this case and the personal jurisdiction question, entirely bearing on federal issues, heard by a Vermont state court. And, it certainly cannot claim that its stepping in as a plaintiff somehow makes a difference to the question of whether there is personal jurisdiction over MPHJ in this Court.

As to the false accusation that MPHJ wants to prevent the State from asserting its claims in *any* forum, that is simply not true. Subject to Rule 11 considerations, and other considerations of merit and good faith, the State is free to bring a case against MPHJ wherever there would be personal jurisdiction over MPHJ. This would at least include the U.S. District Court for the District of Delaware, or the U.S. District Court for the Western District of Texas. That the State views these options as leaving it "without a forum" says more about the lack of any merit in the State's case than it does about them lacking a forum available to bring a case against MPHJ. Put simply, MPHJ *cannot* be hailed into a foreign jurisdiction in which it has no contacts. Contrary to the State, "[a] finding of no personal jurisdiction" would *not* "immunize MPHJ's conduct," as the State would be free to file in those jurisdictions where MPHJ would be subject to personal jurisdiction (assuming it were willing to have these neutral forums consider its claims).



gravel & shea   ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 11 -

Even more disconcerting to federalism concerns is the State's confidence that a Vermont state court would decide the personal jurisdiction question differently than this Court – even though Vermont's long-arm statute extends to the limits of due process.  Here, personal jurisdiction is not a unique "state-law issue" that must be decided by a state court, as the due process analysis must be undertaken in state court as well. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. Tex. 2000) (following *Ruhrgas* and holding when a long-arm statute extends to the limits of due process, the personal jurisdiction issue "does not raise difficult questions of state law," because "federal intrusion into state courts' authority is minimized.").[3] *See also Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) (similar).  Further, if the State is correct in its assumption that a Vermont State Court would decide the personal jurisdiction question in a fashion which violates MPHJ's due process rights, then federalism concerns undoubtedly favor this Court deciding personal jurisdiction in order to avoid a result that is constitutionally defiant.

III.   DECIDING THE STATE'S MOTION TO REMAND FIRST WILL NOT CONSERVE THE COURT'S AND PARTIES' RESOURCES.

In its Motion to Stay, the State claims that "[p]ostponing consideration of the State's motion to remand in favor of deciding MPHJ's motion to dismiss will not save time or effort for the parties or the Court." Dkt. No. 20, p. 7.  The State cites two reasons to support this position:

---

[3] It has been repeatedly affirmed that when a question of personal jurisdiction is a constitutional one because a state long-arm statute extends to the limits of due process, judicial economy is not disturbed if personal jurisdiction is decided before subject matter jurisdiction. *See, e.g., Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1494 (5th Cir. Tex. 1993) (judicial economy favors deciding personal jurisdiction first "because if the district court remands the proceeding, then the state court will probably have to decide the same motion to dismiss for lack of personal jurisdiction that the district court avoided").  This is "[b]ecause the ultimate arbiter of this question of personal jurisdiction would be the United States Supreme Court, not the [state] Supreme Court, [therefore] it is less intrusive for a federal court to decide the issue." *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 567 (5th Cir. Tex. 1993), *cert denied*, 114 S. Ct. 685.



gravel & shea
ATTORNEYS AT LAW

76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 12 -

(1) that MPHJ's Motion was untimely; and (2) speculation that factual discovery concerning personal jurisdiction might be needed. *Id.* at p. 7.

     A.    <u>MPHJ Did Not Delay In Filing Its Motion To Dismiss, Nor Does The Timing Of MPHJ's Filing Impact The *Ruhrgas* Analysis Here</u>.

While the State's allegations as to timing would justify several responses, it should suffice to note that under the current briefing schedule, completing the briefing on the personal jurisdiction issue will involve no meaningful delay.  Despite the State's proclamation that "the parties' briefing [on personal jurisdiction] will not be complete until well after the motion to remand is ripe for decision" (Dkt. No. 20, p. 7), as the current schedule stands, all briefing on the personal jurisdiction issue will be in before the remand briefing is completed, with the one exception being any reply memorandum MPHJ may file in support of its Motion to Dismiss.  But that reply memorandum would be due less than two weeks after the last briefing on the remand issue, and within days of the completion of the briefing on this needless Motion to Stay.

The weakness of the State's position here is highlighted by its citation to *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152 (2d Cir. N.Y. 1996), to argue that MPHJ's Motion is untimely. *See* Dkt. No. 20, p. 7.  This Court need only read *Cantor* to see that the *Cantor* court was merely noting that the motion to dismiss there was filed timely. 88 F.3d at 154, n.4.  It did not consider, and made no holding, that a filing with the timing of MPHJ's would be untimely.

The State's citation to *Cantor* is even more remarkable if one reads the case.  The Court, in doing so, will see that *Cantor* actually supports the proposition that the Court should first decide personal jurisdiction.  There, as here, where it was clear that the Court could not exercise personal jurisdiction over the defendants in that case, the *Cantor* court held "[i]t would have been a waste of judicial resources to entertain further proceedings regarding the court's subject-



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 13 -

matter jurisdiction." *Cantor*, 88 F.3d at 155.  Thus, the Court decided personal jurisdiction first

and dismissed for that reason, *without* deciding whether it had subject matter jurisdiction. *Id.*[4]

      B.     <u>Jurisdictional Discovery Is Wholly Unnecessary Here, As The State Already</u>
                <u>Possesses All Information Regarding MPHJ's Contacts With Vermont.</u>

The State also argues that the personal jurisdictional issue should be considered more

complex because supposedly jurisdictional discovery would be needed.  But the State fails to

show that it would even be entitled to such discovery, or that even if it sought such discovery,

that it would be anything difficult or complex.

As an initial matter, the State is not entitled as a matter of right to any jurisdictional

discovery.  Such discovery is only permitted if the complaint on its face first establishes a *prima*

*facie* case for personal jurisdiction.  *See Girl Scouts of the United States v. Steir,* 102 Fed. Appx.

217, 221 (2d Cir. 2004) (explaining that unless a *prima facie* showing of personal jurisdiction

has been pled, no jurisdictional discovery is appropriate – especially where plaintiff has no good

faith basis for thinking discovery will yield information likely to establish personal jurisdiction)

(citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998)). *See also Stewart v. Vista*

*Point Verlag,* 20 Fed. Appx. 91 (2d Cir. 2001) (concluding plaintiff failed to make a *prima facie*

showing of personal jurisdiction necessary to warrant further discovery on the issue).  Here,

where the only pleading the State has made (or could make) is that personal jurisdiction is solely

based upon the sending of letters into Vermont, such a pleading fails to establish even a *prima*

*facie* case for jurisdiction and would not entitle the State to any discovery. *Id.*

---

[4] The State, of course, fails to cite any case following *Ruhrgas* to support a contention
that MPHJ's motion was untimely, or that its timing deprives the Court of its right to
jurisdictional balancing under *Ruhrgas*. The entire principle underlying *Ruhrgas* is that, after
reviewing <u>all briefings</u> on subject matter and personal jurisdiction, the Court may decide which
issue is more simple, and resolve that first.  Plainly, all briefing on both jurisdictional inquiries
would need to be completed before the Court could make a fully informed decision.



gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

           - 14 -

Further, here the State has already obtained this discovery. By exercising the power it has (unique to parties typically found in a patent case) the State issued a Civil Investigative Demand to MPHJ prior to bringing this suit from which it obtained all of the jurisdictional information it requested regarding MPHJ. Notably, the State did not seek any additional or follow-up information from MPHJ (as is routine practice for the Attorney General). And while the State notes that MPHJ "did not provide all of the requested information…." Dkt. No. 20, p. 7, n. 1, it conveniently fails to specify *which* information was not provided. (It was not jurisdictional information.)  That information was current at the time it was provided about the first of April 2013. The State filed this suit in early May, and thus any discovery the State speculates it might need could only be to determine whether MPHJ had conducted any relevant activity in Vermont during that approximate one month period.[5] Plainly it has not, and the State's baseless speculation is simply a transparent attempt to have the Court think there might be some discovery warranted, when such is actually not the case.

<u>Conclusion</u>

For the foregoing reasons, MPHJ respectfully requests that this Court deny the State's Motion to Stay Briefing and its Decision on MPHJ's Motion to Dismiss.

---

[5] The relevant time for considering personal jurisdiction would be the complaint's filing date, and thus the only discovery relevant would be related to MPHJ activity prior to that date. *See Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) ("[P]ersonal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed" (citing 4 C. Wright & A. Miller, Federal Practice and Procedure, § 1051, at 160-62 (1987)).


gravel &
shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 15 -

Dated:      Burlington, Vermont
            October 9, 2013

                                        /s/ Andrew D. Manitsky
                                        Andrew D. Manitsky, Esq.
                                        Gravel & Shea PC
                                        76 St. Paul Street, 7th Floor, P. O. Box 369
                                        Burlington, VT  05402-0369
                                        (802) 658-0220
                                        amanitsky@gravelshea.com

                                        and

                                        W. Bryan Farney, Esq.
                                        Farney Daniels PC
                                        800 S. Austin Avenue, Suite 200
                                        Georgetown, TX  78626-5845
                                        (512) 582-2810
                                        bfarney@farneydaniels.com

                                        For Defendant

gravel & shea | ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 16 -