IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) DOCKET NO. 2:13-CV-00170 |
| | ) |
| MPHJ TECHNOLOGY INVESTMENTS, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT MPHJ TECHNOLOGY INVESTMENTS, LLC'S REPLY TO THE STATE OF VERMONT'S OPPOSITION TO MPHJ'S MOTION FOR LEAVE TO PRESENT NEW AUTHORITY RELEVANT TO THE STATE'S MOTION TO REMAND AND IN SURREPLY TO THAT MOTION**

MPHJ Technology Investments, LLC ("MPHJ") respectfully submits this Reply in response to the State of Vermont's "Opposition to MPHJ's Sur-Reply Motion" which is Dkt. 34.

In its Opposition, the State mischaracterizes MPHJ's motion, and in an important way. To be clear, MPHJ's motion was styled: "Defendant MPHJ Technology Investments, LLC's Combined Motion and Memorandum **for Leave to Present New Authority** Relevant to State of Vermont's Motion to Remand and in Surreply to that Motion." Dkt. 32 (emphasis added).

Two points are clear from the title of MPHJ's Motion. First, contrary to the State's argument, the Motion did not seek permission to file a general surreply to argue points already made. Instead, the Motion was limited to <u>seeking leave</u> to present to the Court two new authorities relevant to the remand issue that had not been issued at the time MPHJ filed its original Opposition, and to explain the relevance of those authorities. Second, the title makes clear that MPHJ recognized the point made by the State, which is that it needs permission of the Court to have the pleading considered. This is why it was styled as a "<u>Motion for Leave</u>." In seeking that "leave," MPHJ was properly asking this Court to consider the points made therein, not submitting the pleading "as of right." In adopting this format for the pleading, MPHJ was

simply following the general format used by a party in a different case in this Court where a similar pleading using the same format was accepted the Court. *See Allen v. Dairy Farmers of America, et al*., Vt. Dist. Ct. Civ. Action No. 5:09-CV-00230-cr [Dkt. 462] (Filed Aug. 15, 2013). In fact, it is common for a motion for leave to file a surreply to be filed in combination with the surreply memorandum itself. *See, e.g., Gemini Prop. Mgmt., LLC v. Hajj,* 1:10-cv-256 [Dkt. 16] (Filed Apr. 5, 2011); *Bain v. Cotton*, 2:06-cv-217 [Dkt. 125] (Filed Mar. 17, 2009).

MPHJ believes its Motion for Leave properly presents two new cases – *EIS* and *Activision* – which have relevance to the remand issue and which MPHJ could not have addressed in its Opposition on that issue.

With respect to *EIS*, the State argues that MPHJ brought *EIS* to the attention of the Court previously. This is so, but it did so only in a manner appropriately limited to its discussion of the relevance of *EIS* to the issue of whether this Court should stay briefing on the personal jurisdiction issue.[1] In the present filing, MPHJ limited its explanation of *EIS* to the remand issue. This was appropriate, as the case was newly filed after MPHJ's Opposition on the remand issue. Further, the State specifically addressed *EIS* in its Reply, making it even more appropriate for this Court to consider MPHJ's response on the relevance of that case to the remand issue.

The *Activision* decision was issued after MPHJ's Opposition, and MPHJ's first opportunity to address its relevance to the remand issue was by this Motion. The State does not challenge MPHJ's right to address *Activision*, but argues only that MPHJ's explanation of the relevance of the decision exceeded the limits imposed by FED. R. APP. P. 28(i). Plainly, that rule

---

[1] Had MPHJ addressed the relevance of *EIS* to the remand issue in that pleading, the State undoubtedly would have complained that it was improper because it was not relevant to the "stay of the briefing on personal jurisdiction" issue to which the pleading was directed. *See* Dkt. 23.

of appellate procedure is not relevant here, and MPHJ submits that its pleading was reasonably concise and properly focused.[2]

Given that both *EIS* and *Activision* could not have been cited by MPHJ in its Opposition, and that this Motion was properly limited to explaining the relevance of each case to the remand issue, MPHJ respectfully requests this Court grant the Motion and consider the points made therein.[3]

The State seeks the opportunity to respond to MPHJ's pleading. MPHJ does not object, provided the State's pleading is properly limited to addressing the *EIS* and *Activision* cases, and does not raise new points or arguments.

---

[2] Also, MPHJ notes its Motion for Leave was not inconsistent in content or length with the submission of new authority in the *Allen* case, where the party there needed four pages to describe one case, and MPHJ here needed six pages to describe two different cases.

[3] The State also contends MPHJ did not comply with L.R. 7(a)(7). However, MPHJ does not believe that rule applies here, as the Motion to Remand is dispositive. Further, the examples consulted by MPHJ cited above also did not contain reference to complying with the rule. If the rule does apply, MPHJ apologizes for its error, but does not believe it justifies denying its Motion for Leave. Unlike other motions where compromise or resolution might be possible, here it is evident the State disagrees, and any failure to comply with L.R. 7(a)(7) did not cause the parties to fail to reach a possible pre-filing resolution.

Respectfully submitted,

Date: November 12, 2013

Farney Daniels PC

*/s/ W. Bryan Farney*
W. Bryan Farney (*Pro Hac Vice*)
Cassandra Klingman (*Pro Hac Vice)*
800 South Austin Ave., Ste. 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
bfarney@farneydaniels.com
cklingman@farneydaniels.com

and

Andrew D. Manitsky
Gravel & Shea PC
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, Vermont 05402-0369
(802) 658-0220
amanitsky@gravelshea.com

*Attorneys for Defendant
MPHJ Technology Investments, LLC*