IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| STATE OF VERMONT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DOCKET NO. 2:13-CV-00170 |
| | ) | |
| MPHJ TECHNOLOGY INVESTMENTS, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MPHJ TECHNOLOGY INVESTMENTS, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS COMBINED MOTION AND MEMORANDUM FOR LEAVE TO SUBMIT ITS SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2)**

MPHJ Technology Investments, LLC ("MPHJ") respectfully submits this Reply Memorandum in Support of its Combined Motion and Memorandum For Leave To Submit Its Supplemental Memorandum In Support of Its Motion to Dismiss. Dkt. 52.  The State of Vermont ("the State") filed its Opposition to MPHJ's Motion on April 9, 2014. *See* Dkt. 56.  In its Opposition the State argues that MPHJ's Supplemental Motion should be denied for three reasons: (1) the Supplemental Memorandum is untimely, (2) the Supplemental Memorandum does not raise new issues, and (3) because MPHJ opposed the State's request for jurisdictional discovery, it should not now present evidence to refute the personal jurisdiction allegations in the State's Complaint. *See id*.  For the reasons explained below, each of the State's arguments lack merit.

First, contrary to the State's assertions, MPHJ's Motion is not untimely.  As explained in MPHJ's Motion, the purpose of submitting a supplemental memorandum was specifically to address concerns the Court raised in the February hearing, which took place less than two months ago.  The Court has not ruled on any pending motions, including MPHJ's Motion to

Dismiss, and thus, MPHJ's Motion is timely, and the State fails to provide any relevant law that the filing of MPHJ's Motion on April 4, 2014, was not within a reasonable period of time after the hearing. Dkt. 56 at 1.

Second, contrary to the State's assertions, the Supplemental Memorandum does, in fact, raise new issues whose possible relevance became apparent only at the hearing. The purpose of the Memorandum is to address concerns raised by the Court in the February hearing regarding the State's position on personal jurisdiction. The State's assertions in that hearing, and its Response now (Dkt. 56), makes clear that the State's position is that the well-settled law that MPHJ is not subject to personal jurisdiction merely for sending patent letters into Vermont can be overcome solely by unsupported allegations of wrongdoing made by the State. This is not the law. However, at the hearing MPHJ realized that the Court was at least considering the possibility of deciding personal jurisdiction on mere allegations of wrongdoing, contrary to settled law. While MPHJ believes the Court should correctly choose not to do that, if the Court does so choose, it is reasonable for the Court to accept evidence on the allegations. The proposed Supplemental Memorandum seeks only to first provide the Court with the law showing that, contrary to the State, its mere allegations are insufficient. *See, e.g., Int'l Elecs., Inc. v. Human Elecs., Inc.*, 320 F. Supp. 2d 1085, 1088-89 (W.D. Wash. 2004) citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc*., 148 F.3d 1355, 1358-61 (Fed. Cir 1998). And, second, it has the purpose, if the Court is considering deciding the jurisdiction issue by accepting the State's allegations, of providing the evidence to the Court that those allegations are false, and further that, even if true, would not allege any violation of state law because state law is preempted by the First Amendment.

Third, and finally, because MPHJ opposed the State's request for jurisdictional discovery does not mean that the Court should not consider the evidence contained in MPHJ's Supplemental Memorandum. The State forgets that it has the burden of proving jurisdiction here. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996) (the plaintiff bears the burden of showing the court has jurisdiction over the defendant, and must plead at least a *prima facie* case of personal jurisdiction). The State's allegations fail to meet that burden. *See Int'l Elecs.,* 320 F. Supp. 2d at 1088-89. And, as explained in the hearing, another Federal District Court has already found that another plaintiff with the same allegations made by the State here regarding personal jurisdiction over MPHJ for the exact same activities, also failed to meet its *prima facie* burden. *See Eng'g & Insp. Servs., LLC v. IntPar, LLC, et. al.,* 2013 U.S. Dist. LEXIS 146849 (E.D. La. Oct. 9, 2013).

Further, by refusing to plead objective baselessness, the State's allegations, even if true, would fail to allege any violation of state law because any such alleged violation would be preempted by the First Amendment. *See, e.g., Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 362 F.3d 1367, 1374-76 (Fed. Cir. 2004) ("State [tort] law claims ... can survive federal [patent law] preemption only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement" which requires proof the accused conduct was "objectively baseless" and "subjectively baseless."); *Matthews Int'l Corp. v. Biosafe Eng'g, LLC,* 695 F.3d 1322, 1332 (Fed. Cir. 2012) (affirming district court's dismissal because the plaintiff failed to sufficiently plead bad faith necessary to avoid *Noerr- Pennington* immunity, because the plaintiff had only conclusorily pled bad faith). As MPHJ explained, jurisdictional discovery is not permitted where the plaintiff fails to present a *prima facie* case of personal jurisdiction, as the State has failed to do here. *See* Dkt. 21 at 14-15.

As explained above, at the hearing MPHJ understood the Court to be considering that it could decide personal jurisdiction based on the State's allegations of MPHJ's wrongdoing, and the Court expressed concern over declining to exercise jurisdiction over MPHJ if those allegations were true (and, presumably, the Court will also be concerned whether those allegations, even if true, could overcome preemption considerations to show that state law could even be applied). The Supplemental Memorandum simply provides the Court the evidence to show that that the allegations are not true, and that, in any event, state law is preempted.

Accordingly, MPHJ respectfully requests that the Court grant MPHJ's Motion for Leave to Submit Its Supplemental Memorandum in Support of Its Motion to Dismiss Under Rule 12(b)(2). Should the Court grant MPHJ's Motion, MPHJ does not oppose that the State be given the opportunity to reply.

Respectfully submitted,

Date: April 14, 2014

*/s/ W. Bryan Farney*
W. Bryan Farney (*Pro Hac Vice*)
Cassandra Klingman (*Pro Hac Vice*)
FARNEY DANIELS PC
800 South Austin Ave., Ste. 200
Georgetown, Texas 78626
(512) 582-2828
bfarney@farneydaniels.com
cklingman@farneydaniels.com

and

Andrew D. Manitsky
GRAVEL & SHEA PC
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, Vermont 05402-0369
(802) 658-0220
amanitsky@gravelshea.com

*Attorneys for Defendant*
*MPHJ Technology Investments, LLC*